## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY MIDDLETON,** | : | **CIVIL NO. 1:CV-10-2154** |
| **Petitioner,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **DAVID J. EBBERT,** | : | |
| **Respondent** | : | |

### MEMORANDUM

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed

by Plaintiff Terry Middleton, an inmate confined at the United States Penitentiary at Allenwood,

Pennsylvania.  Plaintiff challenges his 180 month sentence imposed by the United States District

Court for the Northern District of Florida after being found guilty on charges of  Felon in

Possession of Firearms in violation of 18 U.S.C. § 922(g).  The court enhanced his sentence

pursuant to the Armed Career Criminal Act of 1994 ("ACCA"), 18 U.S.C. § 924(e).[1]  (Doc. No.

1, Pet. at 1.)  He argues that he does not qualify for classification as a career offender and

therefore is "actually innocent" of the sentence imposed.  He specifically attempts to challenge

his sentence on the basis that a prior Florida conviction for battery does not qualify as a "crime

of violence" under the recent United States Supreme Court's decision in <u>Johnson v. United</u>

<u>States</u>, 130 S. Ct. 1265 (2010).  He also seeks to rely on the decisions issued by the Eleventh

Circuit Court of Appeals in <u>United States v. Richardson</u>, 166 F.3d 1362 (11th Cir. 1999) and

---

[1]  The ACCA authorizes an enhanced penalty for a person who violates § 922(g) and who "has three previous convictions" for "a violent felony."  The ACCA defines "violent felony" as any crime punishable by more than one year's imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another," or is "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  <u>See</u> 18 U.S.C. § 924(e)(2)(B)(i)and (ii).

Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010), reh'g granted, 625 F.3d 716 (11th Cir. 2010), claiming that they also undermine his sentence enhancement as a career criminal.[2]  For the reasons that follow, the petition will be dismissed for lack of jurisdiction.[3]

## I.   Background

On October 2, 1988, Middleton was arrested for his involvement in an accident while driving under the influence of alcohol.  A gun and ammunition were discovered in his vehicle at the time.  When the police ran a search they learned that Middleton had a criminal record with several felony convictions.  In February of 1989, he was indicted as a Felon in Possession of Firearms in violation of 18 U.S.C. § 922(g) in the United States District Court for the Northern District of Florida.

In April of 1989, Middleton was arrested for an armed robbery that occurred in

---

[2]  In Richardson, the Eleventh Circuit held that a "conviction is 'previous' to a § 922(g) offense only if the conviction occurred before the violation of § 922(g), not simply prior to conviction or sentencing for the violation."  Richardson, 166 F.3d at 1361.  Middleton argues that an armed robbery conviction used to enhance him under the ACCA occurred after the conduct that gave rise to the § 922(g)(1) conviction, and therefore should not have been considered a "previous conviction" for § 924(e) purposes.  In Gilbert, the Eleventh Circuit "reasoned that '[f]or federal sentencing purposes, the act of being a career offender is essentially a separate offense, with separate elements (two felony convictions; for violent felonies), which must be proved, for which separate and additional punishment is provided.'" United States v. Kenney, 391 F. App'x 169, 172 n.2 (3d Cir. 2010).

[3]  Also pending is a motion filed by Middleton for transfer of venue (Doc. No. 4) with respect to this action.  The basis of the motion is Middleton's desire to transfer this case to the United States District Court for the Northern District of Florida because he has recently learned that the Third Circuit Court of Appeals has rejected the holding of the Eleventh Circuit in the Gilbert case that he seeks to rely upon.  He would rather pursue his claims in a district court situated within the Eleventh Circuit where the law is more favorable to the position he advances in the pending habeas petition.
There is no basis to transfer this action.  Middleton has correctly filed his habeas petition with this Court since he is incarcerated in the Middle District of Pennsylvania.  See Rumsfeld v. Padilla, 542 U.S. 426 (2004).  The motion will be denied.

Jacksonville, Florida.  He was convicted in state court and sentenced to twenty years.  In August

of 1990, Middleton was found guilty on the February 1989 federal charges of Felon in

Possession of Firearms.  He was sentenced in 1991 to 180 months imprisonment by the United

States District Court for the Northern District of Florida with respect to this conviction as an

Armed Career Criminal based upon three predicate "violent convictions."  This sentence was to

run consecutive to his undischarged 20 year Florida state sentence on the armed robbery

conviction.  On direct appeal, the Eleventh Circuit Court of Appeals affirmed the conviction and

sentence.  United States v. Middleton, 978 F.2d 719 (11th Cir. 1992).

In December of 1993 Middleton states that he filed a motion pursuant to 28 U.S.C. §

2255 in the Northern District of Florida challenging his federal conviction.  In the motion he

argued that he was brought to trial too fast and that trial and appellate counsel were ineffective.

The motion was later denied.  On March 10, 1997, the Eleventh Circuit Court of Appeals

affirmed.  Middleton v. U.S., 110 F.3d 797 (11th Cir. 1997).

In November of 2004, Middleton filed a motion pursuant to Fed. R. Civ. P. 60(b)

claiming a "fraud upon the court" by the United States Attorney and Probation Offices for their

use of his armed robbery conviction as a previous violent conviction for purposes of classifying

him as an armed career criminal.  (Doc. No. 1 at 3.)  The United States District Court for the

Northern District of Florida found Middleton's filing to be a "cross-dressed" motion pursuant to

§ 2255 and dismissed it for lack of jurisdiction on the basis it would be a second § 2255 motion,

and Middleton had not sought permission from the Eleventh Circuit to file the motion.

Middleton thereafter filed an unsuccessful appeal to the Eleventh Circuit Court of Appeals with

respect to this ruling.

In 2005, Middleton states that he filed an application with the Eleventh Circuit Court of Appeals seeking permission to file a second/successive § 2255 motion based on a decision issued by the Eleventh Circuit in United States v. Richardson, 166 F.3d 1360 (11th Cir. 1999) (holding that a "conviction is 'previous' to a § 922(g) offense only if the conviction occurred before the violation of § 922(g), not simply prior to conviction or sentencing for the violation"). Authorization to file a second or successive § 2255 motion was thereafter denied by the Eleventh Circuit on December 23, 2005, finding that Richardson "does not constitute a new rule of law within the meaning of the statute because it was not decided by the U.S. Supreme Court."

Middleton thereafter attempted to challenge his 180 month Northern District of Florida sentence in a § 2241 habeas petition filed in the United States District Court for the Northern District of New York on April 12, 2007.  In the petition he again attempted to rely on the Richardson case in support of his claim that he was actually innocent of violating § 924(e) because the armed robbery conviction occurred after the conduct that gave rise to the § 922(g)(1) conviction, and therefore should not have been considered a "previous conviction" for § 924(e) purposes.  Middleton acknowledged that he did not challenge the sentencing enhancement on direct appeal and that, although he was aware of the issue by the time he filed his initial § 2255 motion in December of 1993 in the Northern District of Florida, he did not raise it then either because he was not able to find supporting case law.  He claimed that it was only after his § 2255 motion was denied that the Eleventh Circuit ruled that a conviction could only be considered a previous conviction for the purposes of § 924(e) if it occurred before the violation of § 922(g). On May 1, 2007, the District Court for the Northern District of New York dismissed Middleton's § 2241 petition for lack of subject matter jurisdiction and reconsideration of this decision was

4

denied on June 13, 2007.  See Middleton v. Schult, No. 07-cv-386, 2007 WL 1704646 (N.D. N.Y. June 13, 2007).  On November 10, 2008, the Second Circuit Court of Appeals affirmed the judgment of the District Court finding that Middleton's sentencing enhancement claim could have been pursued earlier and his § 2241 petition should be dismissed for lack of jurisdiction. See Middleton v. Schult, 299 F. App'x 94 (2d Cir. 2008).  While Middleton argued that he could not have been "reasonably expected" to raise his sentencing enhancement claim prior to the time the Eleventh Circuit decided the Richardson case, the Second Circuit rejected this argument finding that a lack of case law to support a claim does not render that claim unavailable.

In the instant § 2241 petition, Middleton attempts to challenge his 180 month federal conviction and sentence on several fronts.  First, he argues that on March 2, 2010, the United States Supreme Court held, in the case of Johnson v. United States, 130 S. Ct. 1265 (2010), that the Florida felony offense of battery does not have as an element the use of physical force against another, and therefore does not constitute a violent felony under § 924(e)(1).  As such, he now maintains that his battery conviction cannot be used to qualify him as an armed career criminal and enhance his sentence.

Next, he seeks to pursue the same argument raised in the § 2241 petition previously filed in the Northern District of New York wherein he relied on the Eleventh Circuit's decision in United States v. Richardson.  Namely, that his armed robbery conviction, which was subsequent to the § 922(g) violation, does not qualify as a "previous" conviction for purposes of qualifying him as an armed career offender.[4]

---

[4]  Middleton has previously attempted to seek relief pursuant to § 2241 on this basis in the Northern District of New York and his petition was dismissed for lack of subject matter jurisdiction.  This ruling was affirmed by the Second Circuit Court of Appeals.  He also sought

Finally, Middleton maintains that in light of the two arguments raised above, he is "actually innocent" of being a career offender.  In support of this argument, he relies on the Eleventh Circuit decision in <u>Gilbert v. United States</u>, 609 F.3d 1159 (11th Cir. 2010), holding that the act of being a career offender is a separate offense with separate elements for federal sentencing purposes which must be proven.  Middleton asserts that in light of <u>Johnson</u> and <u>Richardson</u>, he is entitled to § 2241 relief from his conviction and sentence since the armed robbery and battery offenses do not qualify as prior violent felonies for purposes of the career offender sentencing enhancement.  For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

## II.      Discussion

In screening Middleton's petition, the Court is mindful of the fact that habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions through Rule 1(b)).  <u>See, e.g.</u>, <u>Patton v. Fenton</u>, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself."  <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970), <u>cert.</u>

_____

permission from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion on the basis of <u>Richardson</u> and was denied relief.  This Court will not entertain the <u>Richardson</u> argument for these reasons.

denied, 400 U.S. 906 (1970).  The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."  Id.

Federal prisoners seeking post-conviction relief are required to bring their collateral attacks challenging the validity of their criminal conviction or sentence through a petition under 28 U.S.C. § 2255, not § 2241.  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  A prisoner may seek relief under 28 U.S.C. § 2241 only if the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of his detention.  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002).  This is permissible "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceedings from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538.  This "safety valve" was intended to be extremely narrow and applied only in rare circumstances, and not intended to allow prisoners to evade procedural requirements.  Id. at 539; Dorsainvil, 119 F.3d at 248-49.  Hence, § 2255 is not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent requirements of [ ] § 2255."  Cradle, 290 F.3d at 539.

In each of the grounds asserted in the pending § 2241 petition, Middleton argues that he is actually innocent of being a career offender for purposes of his sentence enhancement, and that his claims are properly brought under § 2241 pursuant to Dorsainvil.  The Third Circuit held in Dorsainvil, however, that relief under § 2241 is permissible where a subsequent statutory interpretation renders a petitioner's conduct no longer criminal.  119 F.3d at 251-52.  Middleton has not alleged that he is actually innocent of the crime for which he was convicted, but limits

7

his challenges to allegations that his sentence was improperly calculated based on his career

offender status.  Therefore, the exception created in <u>Dorsainvil</u> is not applicable, and relief under

§ 2241 is not available.  <u>Okereke</u>, 307 F.3d at 120-21 (holding that a petitioner is barred from

proceeding under § 2241 because his argument was based on sentencing and did not render the

crime he was convicted of not criminal).[5]  As such, Middleton has failed to show that 28 U.S.C.

§ 2255 is "inadequate or ineffective" to challenge his detention.  An appropriate order follows.

---

[5]  Further, the Court points out that although the Court of Appeals for the Eleventh
Circuit originally held in <u>Gilbert</u> that § 2241 applies even to sentencing claims, and therefore
allowed an inmate to proceed on the merits of his claim that he was "actually innocent" of a
career offender enhancement and was therefore entitled to § 2241 relief, this holding was
thereafter vacated pending <u>en banc</u> review.  <u>See</u> <u>Gilbert v. United States</u>, 625 F.3d 716 (11th Cir.
2010).  Thereafter, following rehearing <u>en banc</u>, the Eleventh Circuit Court of Appeals held that
petitioner was not permitted to bring a federal habeas petition to raise his sentencing claim.  <u>See</u>
<u>Gilbert v. United States</u>, 640 F.3d 1293 (11th Cir. 2011).  In any event, the Third Circuit Court
of Appeals has rejected the original <u>Gilbert</u> holding that Middleton seeks to rely upon as contrary
to <u>Okereke</u>.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERRY MIDDLETON,** | : | **CIVIL NO. 1:CV-10-2154** |
| **Petitioner,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **DAVID J. EBBERT,** | : | |
| **Respondent** | : | |

**ORDER**

**AND NOW**, this 12th day of September 2011, for the reasons set forth in the

accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1.      Petitioner's motion to transfer venue (Doc. No. 4) is **DENIED**.

2.      The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1)
is **DISMISSED** for lack of jurisdiction.

3.      The Clerk of Court is directed to close this case.


S/ Yvette Kane_____
Chief Judge Yvette Kane
United States District Court
Middle District of Pennsylvania


O:\Kane\Dan\pro se clerk review\middleton2241cls-10-2154.wpd